GEORGE H. HEATHCOTE *et al.,* Appellants *vs.* MARGARET BARBOUR, Executrix, Appellee.

JUNE 25, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Appeal and Error.  New Trial.*

As under the practice now prevailing, the trial court ought to independently exercise its power to grant new trials whenever in its opinion the verdict of a jury fails to administer substantial justice to the parties, in considering an exception to the decision of the justice on a motion for a new trial, the appellate court must consider both the transcript of the evidence and the decision of the justice to determine whether it clearly appears that the

justice was in error in his decision, which is the question brought up by the exception.

(2) *Probate Appeal.  Appeal and Error.  New Trial.*

On an appeal from the probate of a will, where the verdict of the jury was in favor of appellant, and new trial was granted by the trial court, evidence and decision of justice considered and held, no error.

PARKHURST AND VINCENT, JJ., dissenting.

PROBATE APPEAL.  Heard on exceptions of appellant and overruled.

SWEETLAND, J.  This is an appeal from a decree of the municipal court of the city of Providence, admitting to probate a certain instrument in writing purporting to be the will of Jane Heathcote, late of Providence, deceased, mother of the appellant, George H. Heathcote, and sister of the appellee, Margaret Barbour.  The appeal was taken by George H. Heathcote for himself and as next friend of his son, Clifford D. Heathcote.  The appeal was tried before a justice of the superior court sitting with a jury.  The jury rendered a general verdict that said instrument was not the will of Jane Heathcote and found specially that Jane Heathcote was unduly influenced when she executed said instrument and that she did not have testamentary capacity when she executed said instrument.  The appellee filed a motion for a new trial.  The justice presiding at the trial granted said motion and the case is before us upon the appellants' exception to the decision of the justice upon said motion.

The evidence upon the issues involved was contradictory. The justice presiding at the trial says in his rescript that he listened intently to the testimony as it was given by the witnesses and that he again carefully considered all the evidence before deciding the motion for a new trial.  It is his deliberate judgment that the general verdict of the jury and their answer to each of the special findings is against the preponderance of the evidence.  In the performance of the duty which is placed upon him by the statute he has set the verdict

aside as failing to do justice between the parties in accordance with the evidence.

The appellants ask us to examine the transcript and, without regard to the decision of said justice, pass upon the preponderance of the evidence solely as it shall appear to us from the written transcript. This request ignores the change which was made in appellate proceedings upon the creation of the Superior Court. The General Assembly apparently appreciated the inconclusive and unsatisfactory nature of an examination of a written transcript alone for the purpose of determining the true weight of the evidence given at a jury trial; and in the Court and Practice Act it (1) has introduced a new step in appellate procedure and has provided that if a party feels aggrieved by the verdict of a jury he shall not be permitted to have such verdict reviewed by this court, unless he shall first present the question of the weight of the evidence to the justice, who presided at the jury trial and obtain his decision upon the same. The purpose of that provision, so far as it relates to appellate proceedings, is plain. It is that, before the question comes here, there shall be upon the record the decision of one of special training, who sat in the atmosphere of the jury trial, who, quite likely, will be unaffected by any passion or prejudice which may have influenced the jury. He saw and heard the witnesses and with that advantage can apply the test of his experience to the questions of their credibility and the value of their testimony; and then he must pass his deliberate judgment as to whether the jury's verdict truly responds to the weight of the evidence upon the issues in the case.

In *McMahon* v. *Rhode Island Company,* 32 R. I. 237, this court, in an opinion by Parkhurst, J., has considered at length the distinction between the function formerly exercised by the Appellate Division of the Supreme Court upon a petition for a new trial, where only the transcript of the evidence was before the court, and that of a justice of the Superior Court, who has presided at a jury trial, upon a

motion for a new trial presented to said justice under the procedure in effect since the creation of the Superior Court. In accordance with the rule generally adopted in states having an arrangement of courts similar to our own, we have approved the doctrine that trial courts "ought to independently exercise their power to grant new trials, and, with entire freedom from the rule which controls appellate tribunals, they ought to grant new trials whenever their superior and more comprehensive judgment teaches them that the verdict of the jury fails to administer substantial justice to the parties in the case." *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292. In a number of cases we have held, and it has become the general rule governing the relation between this court and the Superior Court in that regard, that, "when the verdict of a jury has been disapproved by the judge who presided at the trial, and a motion for a new trial has been granted by him on the ground that the verdict fails to administer substantial justice, such exercise of his power will not be disturbed by this court, unless it clearly appears that such conclusion of the trial judge is erroneous." *Noland* v. *Rhode Island Co.*, 30 R. I. 246.

The point from which this court is to consider the jury's verdict is changed by the provision for a motion for new trial and its determination by the justice presiding at the jury trial. Formerly the question came before the Supreme Court upon a petition for a new trial and the exception was to the jury's verdict; now the matter comes before us upon an exception alleging error in the judge's decision, granting or refusing a new trial.

In considering an exception to the decision of a justice of the Superior Court on a motion for a new trial, it becomes the duty of this court to carefully examine the transcript and to obtain the benefit of the arguments and the briefs of counsel bearing upon the facts of the case as presented by the evidence. Such examination of the transcript, however, is not made solely, as it formerly was, for the purpose of deciding from it alone as to the preponderance of the evidence.

We have now not only the transcript but also the decision of the justice and it is from a consideration of both that we must determine whether it clearly appears that the justice was in error in his decision on the motion for a new trial, which is the question brought before us by the exception. In this case we have read the entire transcript; have given due weight to the briefs and argument of counsel; and we do not find such error in the decision of said justice. We have said in a rescript recently filed (*Arnold* v. *Treat*, Exception No. 4,696), which language we adopt as equally applicable to this case: "The testimony upon every essential question bearing upon the issue submitted to the jury was conflicting. The appearance of the witnesses upon the stand, and their manner in giving their testimony, is of much assistance in determining as to the weight of the evidence upon the various points in controversy. This advantage the presiding justice had, and we have not; his deliberate judgment has forced him to the conclusion that justice between the parties demands the submission of the cause to another jury. We cannot say that it clearly appears to us that this judgment was erroneous."

The appellants' exception is overruled. The case is remitted to the Superior Court for a new trial.

PARKHURST, J. (dissenting) I am unable to agree with the conclusions of a majority of the court as expressed in the foregoing opinion. Without in any way questioning the general principles set forth therein, as to the proper relations between this court and the Superior Court, and as to the rules which should govern the judges of the Superior Court in granting new trials, I find language in the rescript of the judge who granted the new trial in this case which leads me to think that he unwarrantably trespassed upon the province of the jury. In discussing the testimony which was before the jury and admitted without objection or exception he says: "There were many disputed facts which had no direct bearing upon the real issues; for instance, whether or not George H. Heathcote, the son, was properly settling

his father's estate as administrator thereon; whether or not his sister was such a feeble-minded person that she was incapable of managing her own business affairs and ought to have a guardian or trustee; and whether or not the widow's share of the personal estate of her deceased husband should be devised by her in such a manner that a large proportion of it would pass to her three sisters instead of going to George H. Heathcote, the appellant; and whether or not the sisters were of such potent influence in the house of the deceased that they did not leave it when requested so to do several years before." . . . "I think that the considera-tion of the disputed facts which I have already referred to, and of the many other family matters which were developed in the testimony, were given undue weight by the jury and wrongfully affected their verdict. The testatrix was a refined, motherly, old lady, and she ought not to be deprived of her right to dispose of her property by her will, even if by its provisions a good proportion of it ultimately passes to her sisters, and therefore excludes her son as to this portion of her estate."

The questions submitted to the jury for special findings upon all the evidence, were whether the testatrix was unduly influenced when she executed her will on December 7, 1911, to which the jury answered, "Yes," and whether she had testamentary capacity at that time, to which the jury answered, "No," and the jury returned a general verdict that the instrument of that date was not the will of the testatrix. In view of the nature of these questions it seems to me that the judge seriously erred in what he said about the testimony as above quoted; it was certainly pertinent to the issues involved in the special findings to show all the family and business relations existing between the testatrix and her son, and the testatrix and her sisters, and what influence upon the mind of the testatrix was exercised to his injury by the reiteration of statements or suggestions that he was not acting honestly or fairly to her in the settlement of his father's estate; and the relations of testatrix

and her sisters, and their influence upon her and their opportunities of exercising that influence, taken in connection with the evidence as to her state of mind and general bodily and mental weakness and infirmity, were equally pertinent upon both questions. The jury were justified in considering all these things and in giving such weight to them as they thought them to be entitled to. It seems to me that the judge had no right to minimize this class of evidence, and that in doing so he seriously interfered with the province of the jury in their determination of the weight of the evidence; in my judgment the judge misled himself by this consideration into the belief that what was merely conflicting evidence, was in his view preponderant in favor of the appellee, because he practically eliminated, as of no probative force, evidence which was entitled to the most serious consideration.

While it is true that the evidence was conflicting, I think this was peculiarly a case where the weight of the evidence was for the jury upon all of the evidence before them; and that the judge erred in his view of the weight of the evidence as shown by his own words. There was evidence sufficient to sustain the verdict in all respects, and in my view the judge erred in granting a new trial.

VINCENT, J., concurs with PARKHURST, J.

*Mumford, Huddy & Emerson,* for appellant.

*Frank Barnbrook,* for appellee.